UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA                                  :
                                                          :
          -v-                                             :          24-CR-386 (JMF)
                                                          :
AARON DAILY,                                              :          MEMORANDUM OPINION
                                                          :               AND ORDER
                              Defendant.                  :
                                                          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Aaron Daily is charged with possessing a firearm and ammunition after having

been convicted of felony, in violation of Title 18, United States Code, Section 922(g)(1).  *See*

ECF No. 6.  The Government now moves, pursuant to Rule 16(d)(1) of the Federal Rules of

Criminal Procedure, for entry of a protective order.  *See* ECF No. 11 ("Gov't Mot.").  The

proposed protective order would permit the Government to designate some discovery materials

— which "may include material that (i) affects the privacy and confidentiality of individuals; (ii)

may be produced with more limited redactions than would otherwise be necessary; and (iii) that

is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the

defense of this criminal case" — as "Disclosure Material."  ECF No. 11-1 ("Proposed PO"), ¶ 1.

It would then provide, among other things, that Disclosure Material could be used by Defendant

and defense counsel "solely for purposes of defending this action" and, relatedly, prohibit

Defendant and defense counsel from disclosing (including by posting "on any Internet site or

network site") any Disclosure Material.  Proposed PO ¶ 2.

Defendant purports to oppose the Government's motion.  *See* ECF No. 12 ("Def.'s

Opp'n").  But upon closer examination, Defendant's objection is *not* actually to entry of a

protective order — or even to the form and substance of the Government's proposed order — but rather to the scope of what he *expects* the Government to designate as Disclosure Material.[1]  And *that* objection is not yet ripe for the Court's resolution, as the Court has not yet entered a protective order and, in light of that, the Government has not yet designated anything as Disclosure Material.  Indeed, entry of the proposed protected order would not foreclose any of Defendant's arguments about the Government's anticipated designations, as it provides for meet-and-confer procedures to resolve "any dispute over" the Government's designations, "after which [Defendant] may seek de-designation by the Court."  Proposed PO ¶ 4.  Here, there are good reasons to defer resolution of Defendant's objections until those steps have been taken.  First, the parties' positions shifted even in the course of briefing this motion (based on Defendant's disclosure that he already has some of the materials that the Government had planned to designate as Disclosure Materials), *see* ECF No. 13, at 2, making plain that further meeting and conferring might narrow, if not resolve, the parties' remaining disputes.  Second, one point of the meet-and-confer procedure in the proposed protective order (which is a standard provision for these types of orders) is that it creates a better record of precisely what is in dispute.  By way of example, Defendant's opposition reveals that he does not object to designation of certain "sections" of the materials at issue as Disclosure Material.  *See* Def.'s

---

[1]     Although Defendant objects to the proposed protective order on the ground that it would prohibit defense counsel from disclosing discovery materials produced in this case for use "in a different but related matter" such as "a family court proceeding," Def.'s Opp'n 8, the Government insists that the proposed protective order "would only limit [Defendant] from posting Disclosure Material on the Internet or sharing Disclosure Material with the media," ECF No. 13 ("Gov't Reply"), at 3, *see also* Gov't Mot. 1.  The Court will therefore revise the language of the proposed protective order to permit use of any Disclosure Material "for purposes of defending this or *any related* action."  *See* Proposed PO ¶ 2.

Opp'n 4.  The Court would be in a better position to resolve any remaining disputes if the parties identified the materials at issue with greater particularity than they do now.

Accordingly, the Government's motion is GRANTED because, as Defendant concedes, there is "good cause" for a protective order restricting dissemination of at least some discovery materials in this case.  Fed. R. Crim. P. 16(d)(1).  In granting the motion, the Court intimates no view on the propriety of what the Government may ultimately designate as Disclosure Material. The Government should make its designations with care, mindful of Defendant's objections and the prior disclosures revealed in Defendant's opposition.  If Defendant objects to any designation, counsel should meet and confer in good faith, in accordance with Paragraph 4 of the protective order (which will be entered separately), after which Defendant may seek de-designation of particularized materials by the Court.

The Clerk of Court is directed to terminate ECF No. 11.

SO ORDERED.

Dated: July 17, 2024
        New York, New York

JESSE M. FURMAN
United States District Judge